IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADRICK JERMAINE COLLINS, | § | |
|     Petitioner, | § | |
| v. | § | No. 3:19-cv-2434-E (BT) |
| | § | |
| STATE OF TEXAS, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Bradrick Jermaine Collins filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, and the District Court referred the matter to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed.

I.

Collins is currently charged in state court with unlawful carrying of a weapon. *State of Texas v. Bradrick Jermaine Collins*, No. MA1715883 (Dist. Ct. No. 5, Dallas County, Tex.). He has been released on bond. On October 15, 2019, Collins filed his § 2254 petition challenging his arrest and pending prosecution. He argues the State violated his Fourth Amendment rights when officers arrested him without probable cause and when the State used

1

an invalid charging instrument. He also claims his prosecution violates his right to be free from double jeopardy.

## II.

Collins's complaint should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would interfere with an ongoing state criminal proceeding, except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Younger v. Harris*, 401U.S. 37, 45 (1971). For *Younger* to apply, three conditions must be satisfied: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

All three *Younger* conditions are met in this case. Collins's criminal case is currently pending. The State "has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must

2

abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). Collins has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1178 (stating "the federal plaintiff must show he had no *opportunity* to litigate the federal issue in state court."). Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal relief against a pending state prosecution would be warranted. *See Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). The petition should therefore be dismissed.

### III.

The Court recommends that the petition be dismissed without prejudice under the *Younger* abstention doctrine.

Signed October 24, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).